**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| COLGATE-PALMOLIVE COMPANY, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-417-GMS |
| RANIR, L.L.C. | ) ) | |
| Defendant. | ) ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's Notice of Scheduling Conference, dated October 20, 2006, counsel for the respective parties submit this Joint Status Report.

1. **Jurisdiction and Service**. The Court has subject matter jurisdiction of this matter. All of the parties are subject to the Court's jurisdiction. At this time, there are no parties that remain to be served.

2. **Substance of the Action.** This is an action for design and utility patent infringement. The factual and legal bases for plaintiff's claims are as follows: Plaintiff Colgate-Palmolive Company ("Colgate") contends that it is the owner of the seven (7) United States design patents in suit and the one United States utility patent in suit, all of which are directed to toothbrushes. Plaintiff contends that each of the patents in suit was duly and legally issued by the United States Patent and Trademark Office. Plaintiff contends that Defendant Ranir, L.L.C. ("Ranir") sells toothbrushes of the type identified in plaintiff's Amended Complaint to private label companies, including, but not limited, to Rite Aid Corporation. Plaintiff further contends that Ranir's sales of these

toothbrushes infringe each of Colgate's patents in suit. The factual and legal bases for defendant's claims are as follows: Defendant Ranir contends that it has not infringed any valid or enforceable patents, and has asserted the defense of invalidity.

3. **Identification of Issues.** The factual and legal issues genuinely in dispute are infringement, validity and enforceability of each of the Colgate patents in suit, the amount of damages, whether defendant's infringement was willful, and whether this is an exceptional case.

4. **Narrowing of Issues.** Plaintiff believes that certain issues in the litigation can be narrowed by motions for summary judgment. Specifically, plaintiff believes that at least the issue of infringement of certain of the design patents in suit can be decided by motions for summary judgment. Defendant believes that noninfringement and/or invalidity can be decided by summary judgment.

5. **Relief.** Plaintiff seeks a permanent injunction enjoining Ranir, its officers, employees, agents, and all others acting in concert with it or participating with it from further infringement and/or inducement of infringement of the patents in suit. Plaintiff also seeks damages and an award of costs and attorney's fees. The specific amount of damages cannot be calculated without an accounting, however, damages should be no less than the award of a reasonable royalty or the amount of the defendant's total profits, whichever is greater. Further, plaintiff contends that the amount of damages should be trebled pursuant to 35 U.S.C. § 284.

6. **Amendment of Pleadings.** The parties propose that motions to amend the pleadings be filed on or before February 1, 2007. A Proposed Scheduling Order is attached hereto as Exhibit A.

7.     **Joinder of Parties.**  The parties propose that motions to join additional parties be filed on or before February 1, 2007.

8.     **Discovery.**  The parties propose that discovery be completed by August 15, 2007.  At this time, the parties are not aware of any way in which discovery can be limited, nor are the parties aware of less costly and time-consuming methods that may be available to obtain necessary information.

9.     **Estimated trial length.**  The parties believe that the trial will require two and one-half weeks (13 days).  The parties do not believe that it is feasible or desirable to bifurcate the issues for trial.  At this time, the parties do not believe that it is possible to reduce the length of trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence.  The parties will, however, continue to explore this possibility as discovery proceeds.

10.    **Jury trial.**  Plaintiff has requested a jury trial of all issues so triable.

11.    **Settlement.**  The parties have discussed settlement issues and will continue to explore settlement as the suit goes forward.  The parties believe that referral to the Magistrate for a settlement conference may facilitate possible settlement.

12.    At this time, there are no other matters that counsel consider conducive to the just, speedy and inexpensive determination of this action.

13.    Counsel for the parties have conferred about each of the above matters.

Dated: October 26, 2006                    /s/ Francis DiGiovanni
                                           Francis DiGiovanni (#3189)
                                           Connolly Bove Lodge & Hutz LLP
                                           The Nemours Building
                                           1007 N. Orange Street
                                           Wilmington, DE  19899
                                           Phone (302) 658-9141

|  |  |
|---|---|
|  | Robert F. Altherr, Jr.<br>Nina L. Medlock<br>Christopher B. Roth<br>Elizabeth Almeter<br>BANNER & WITCOFF, LTD.<br>1001 G Street, N.W.<br>Suite 1100<br>Washington, DC 20001<br>Phone (202) 824-3000<br><br>*Attorneys for Plaintiff Colgate-Palmolive Company* |
| Dated: October 26, 2006 | /s/ Steven J. Balick<br>Steven J. Balick (#2114)<br>John G. Day (#2403)<br>Tiffany Geyer Lydon (#3950)<br>ASHBY & GEDDES<br>222 Delaware Avenue, 17th Floor<br>P. O. Box 1150<br>Wilmington, Delaware 19899<br>Phone (302) 654-1888<br><br>James Moskal<br>Charles E. Burpee<br>WARNER NORCROSS & JUDD LLP<br>900 Fifth Third Center<br>111 Lyon Street, N.W.<br>Grand Rapids, Michigan<br><br>*Attorneys for Defendant Ranir, L.L.C.* |

495726_1

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| COLGATE-PALMOLIVE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>RANIR, L.L.C.<br><br>    Defendant. | )<br>)<br>)<br>)  Civil Action No. 06-417-GMS<br>)<br>)<br>)<br>) |

**[PROPOSED] SCHEDULING ORDER**

This _____ day of _____ 2006, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on _____, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures**. Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before November 15, 2006.

2. **Joinder of other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings shall be filed on or before February 1, 2007.

3. **Reliance Upon Advice of Counsel**. Defendant shall inform plaintiffs whether it intends to rely upon advice of counsel as a defense to willful infringement no later than February 15, 2007. If defendant elects to rely on advice of counsel as a defense to willful infringement, defendant shall advise plaintiff of any oral opinions on which defendant

- 1 -

intends to rely and shall produce any written opinions on which defendant intends to rely to plaintiff no later than February 15, 2007.

4.  ***Markman* Claim Construction Hearing**. A *Markman* claim construction hearing shall be held on _____ at _____ __.m. The *Markman* hearing is scheduled for a total of _____ hours with each side having _____ hours. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues. On or before October 2, 2007, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence.

The parties shall exchange opening claim construction briefs on October 15, 2007, and the answering claim construction briefs on October 30, 2007.

5.  **Discovery**. All fact discovery in this case shall be initiated so that it will be completed on or before June 1, 2007. Expert Discovery in this case shall be initiated so that it will be completed on or before September 14, 2007. Specifically, opening expert reports on issues for which a party bears the burden of proof shall be served on or before July 1, 2007. Responsive expert reports shall be served on or before August 1, 2007. The last day for depositions of all experts shall be September 14, 2007.

>   a.  **Discovery and Scheduling Matters**: Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **joint**, **nonargumentative** letter agenda not to exceed two (2) pages outlining the issue(s) in dispute. A sample letter can be located on this court's website at www.ded.uscourts.gov. Should the court find

further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention.  The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**.  The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

6.     **Confidential Information and Papers filed under Seal**.  Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within ten (10) days from the date of this order.

When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

7.     S**ettlement Conference**.  Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.  If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact United States Magistrate Judge Thynge to schedule a settlement conference with counsel and the clients.

8.      **Summary Judgment Motions**.  Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion.  The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than <u>September 15, 2007</u>.  Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than <u>September 22, 2007</u>.  Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before <u>September 29, 2007</u>.  The Court shall hold a Status Conference to hear argument and to determine whether the filing of any motion for summary judgment will be permitted on _____ at ___ __.m.

**Plaintiff contends that letter requests to file a motion for summary judgment on the issue of infringement of a design patent should be permitted at any time. Defendant disagrees, but if Plaintiff's request is granted, then Defendant requests the same opportunity with respect to a summary judgment motion of noninfringement.  Unless the Court directs otherwise, no other letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

9.      **Case Dispositive Motions**:  All case dispositive motions and an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before <u>November 15, 2007</u>.  Briefing will be presented pursuant to the court's Local Rules, unless the parties agree to an alternative briefing schedule.  Any such agreement shall be in writing and filed with the Court for the Court's approval.  Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

10.     **Applications by Motion**:  Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF).  Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11.     **Oral Argument**.  If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to District of Delaware Local Rule 7.1.4.

12.     **Status/Daubert Conference**.  On or before <u>October 15, 2007</u> (one week prior to Daubert teleconference), the parties shall submit a joint agenda identifying any Daubert issues that the parties intend to raise.  The Court will hold a telephone conference on _____ _____ at _____ __.m. to discuss Daubert issues identified in the joint agenda.

13.     **Pretrial Conference**.  On _____, beginning at _____ __.m., the Court will hold a Pretrial Conference in Chambers with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order (a sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov) satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3).  Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft.  Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order.

Motions *in limine*:  No party shall file more than ten (10) motions *in limine*. Briefs **(opening, answering and reply)** on all motions *in limine* shall be filed by <u>sixty (60) days</u>

- 6 -

prior to trial. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before <u>thirty (30) days before trial</u>.

14.   **Trial**. This matter is scheduled for a <u>13 </u>day <u>jury</u> trial beginning at 9:00 a.m. on <u>                              </u>.

15.   **Scheduling**: The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

_____<br>
UNITED STATES DISTRICT JUDGE

495728_1