**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| COLGATE-PALMOLIVE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-417-GMS |
| | ) | |
| RANIR, L.L.C. | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION**

Pursuant to Rule 26(c) the Federal Rules of Civil Procedure, and as it appears that discovery in the above-entitled action is likely to involve the disclosure of confidential information, and good cause appearing, IT IS HEREBY ORDERED as follows:

**I.    Designated Material**

    **A.**    As used in this Protective Order, the term "Discovery Material" encompasses, but is not limited to any type of document or testimony; any taped, recorded, filmed, written or typed matter, including the originals and all marked copies, whether different from the originals by reasons of any notation made on such copies or otherwise; all deposition testimony; all interrogatories, document requests, and requests for admission, including all responses thereto; inspections and any physical objects or other items or any other information gained by inspection of any tangible thing, including data or code stored in electronic form and other information exchanged by the parties, or received from non-parties, in this action.

    **B.**    Any party to this action or any third party subject to discovery in this action (hereinafter "designating party") shall have the right to designate any Discovery Material in this action and any material filed with the Court as "CONFIDENTIAL" so long as the Discovery Material so designated complies with the provisions of this section.

    **C.**    Discovery Material designated as "CONFIDENTIAL" shall be limited to Discovery Material which the producing party in good faith believes constitutes confidential information that is used by it in, or pertaining to, its business, which information is not generally known or which provides a competitive advantage

       and which that party would normally not reveal to third parties or its competitors. "CONFIDENTIAL" material includes, but is not limited to information concerning or constituting one or more of the following topics: sensitive business or financial information and marketing plans and forecasts; product sales, manufacturing revenues, gross margins or manufacturing costs, and plans or forecasts that relate to this information; future business strategies; confidential government filings (including tax returns); and any similar information, technical information, research information, technical information concerning telephony products, patent applications that are not publicly available, future products or future product plans, trade secrets, collections of information whether or not the individual elements of the collection are public, e.g., customer lists, or other information which was developed at a cost and not generally distributed to competitors of the company.

    **D.**    This Protective Order shall govern any Discovery Material produced in response to any discovery conducted by Plaintiff or Defendant in the above-captioned case. Nothing in this Protective Order prevents a party or third party from designating Discovery Material pursuant to this Protective Order.

**II.**    **Access to and Restrictions on Disclosure of Confidential Materials**

    **A.**    Discovery Material designated as "CONFIDENTIAL" pursuant to this protective order, *i.e.,* "Confidential Material," shall not be disclosed to any person or entity except as set forth in this Protective Order. No person shall use or disclose any such Confidential Material for any purposes other than preparation and trial of this action. However, nothing contained in this Protective Order shall affect the right of the designating party to disclose or use for any purpose its own Confidential Material.

    **B.**    Access to all Discovery Materials designated "CONFIDENTIAL" and disclosure of the information contained in such Discovery Material shall be restricted solely to "Qualified Persons:"

        **1.**    "Qualified Person" shall mean:

            **a)**    Outside counsel of record for a party in this litigation and employees of such counsel who are working directly on this litigation and to whom it is necessary that the information be disclosed for purposes of this litigation, provided that such outside counsel enter an appearance with the Court;

            **b)**    In-house counsel for the party, provided that such in-house counsel enters an appearance with the Court on behalf of the party;

            **c)**    Court personnel, including videographers and stenographic reporters

> engaged in proceedings incident to the preparation for trial and/or trial of this action, including deposition reporters and their transcribers;
>
> **d)** Authors, addressees, and recipients of copies of documents containing Confidential Material with respect to only those documents for which they are authors, addressees, or recipients;
>
> **e)** Independent consultants or experts who agree in writing to be bound by the terms of this Order and are retained to assist the attorneys of record. No such consultant or expert shall become a "Qualified Person" until the conditions set forth in paragraph VII below are met;
>
> **f)** Such other persons as may be designated later by written agreement of all parties in these proceedings. Any Confidential Material which a receiving party wishes to disclose to an officer, director, or employee of that party (other than those covered by subparagraph (c) above) or to any other person not described above must be specifically identified in a written request, including the purpose of the disclosure, and must be agreed to in writing by the parties before any such disclosure is made; and,
>
> **g)** Any other person(s) designated as a "Qualified Person" by Order of this Court, after notice to all parties.

**III.**    **De-Designation of Confidential Material**

    **A.**    A party producing Confidential Material may voluntarily de-designate the Discovery Material such that it is no longer CONFIDENTIAL.

**IV.**    **Designating Documents**

    **A.**    Each document or thing provided to the receiving party, or any portion thereof, each interrogatory answer or portion thereof, and each answer to a request for admission or portion thereof which is deemed by the supplying party in good faith to contain confidential information subject to the provisions of the Protective Order shall so designate such documents by affixing thereon the legend "CONFIDENTIAL." For certain collections of documents, physical exhibits, or electronic documents the producing party may designate the documents by labeling the container "CONFIDENTIAL" and informing the other party via a cover letter that the items in the container are "CONFIDENTIAL." For example, in the case of data stored in electronic form, the legend "CONFIDENTIAL" shall be printed on the cover or container of the disk, tape, or other medium in which the electronic form data is stored. All information contained within the container shall then be considered Confidential Material under this protective order.

    **B.**    Such designation shall be made at the time when the answer to the interrogatory

or the answer to the request for admission is served, or when the document or thing, or copy thereof, is produced to the receiving party. With respect to production of documents for inspection pursuant to Fed. R. Civ. P. 33, this designation need not be made until copies of the materials are requested after inspection and production by counsel. Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection shall be treated as though designated "CONFIDENTIAL" at the time of the inspection, regardless of whether so identified by a confidential legend, and until copies thereof are provided to the inspecting party.

**V.     Designating Testimony**

    **A.**     Any party or third party may designate testimony on oral deposition as "CONFIDENTIAL" by so stating on the record at any time during the testimony. If subsequent to the testimony, it is learned that confidential information is contained in the testimony which was not previously designated, the transcript may be designated CONFIDENTIAL by notifying the other parties in writing of the portions of such testimony to be so designated and by having the transcript amended and redistributed to the parties to reflect the confidential designation, with the non-confidential copies being retrieved from each of the parties. Any transcript of testimony or portions thereof designated pursuant to this paragraph shall be labeled in a visible manner with the CONFIDENTIAL legend. It is the burden of the party making the CONFIDENTIAL designation to see that the transcripts are so labeled. If no portions of the transcript are designated as confidential information by any party to this action, the transcript shall be considered not to contain any confidential information. Notwithstanding the treatment of such transcript as CONFIDENTIAL, the deponent may view the transcript. In addition, the deponent may show the deposition transcript to Qualified Persons or to persons who already have access to the material.

    **B.**     With regard to designations made during the deposition, the designating party shall have the right to have all persons, except the deponent and his/her counsel, outside counsel of record for named parties, the court reporter, and such other persons bound by this Protective Order, excluded from a deposition, or any portion thereof, before the taking of testimony which has been designated as Confidential.

**VI.     Identification of Independent Experts, Consultants, and In-House Attorneys**

    **A.**     Each independent expert or consultant to whom a party proposes to give access to Designated Confidential Material designated pursuant to this Protective Order by a producing party shall be identified by notice in writing to counsel of said producing party at least ten (10) business days before being given such access. Such notice in writing shall include for the independent expert or consultant to whom disclosure is proposed, a completed Acknowledgment in the form of

4

       Exhibit A. and a current resume. Prior to being given access to such information, such expert or consultant shall be provided with a copy of this Protective Order, and shall agree to subject himself or herself to the jurisdiction of the Court for the purpose of enforcing the terms and conditions of this Protective Order. The law firms representing the respective parties shall retain copies of all executed Acknowledgments. Should the producing party object in writing within such ten (10) business day period to an identified independent expert or consultant, no such information shall be disclosed to the independent expert or consultant until the objection has been resolved by the parties or the Court. If the producing party does not object within such ten (10) business day period, such independent expert or consultant shall be permitted such access. In the event the producing party makes a timely objection, it must also seek relief from the Court within 20 calendar days from the date the producing party first received notice (or within such time as agreed, by the parties); otherwise such independent expert or consultant shall be permitted such access.

## VII. Filing Designated Confidential Materials With the Court

**A.** In the event that a party wishes to use Confidential Material (including, *inter alia,* transcripts of depositions, exhibits, physical evidence, answers to interrogatories of requests for admission, briefs, and memoranda, which comprise, excerpt, reproduce, paraphrase, or contain any information designated confidential, or information taken there from) in any affidavit, brief, memoranda of law or other paper filed in Court in this litigation, such confidential information shall be filed under seal. It shall not be necessary for a party to file a motion seeking leave of the Court to file under seal documents containing Confidential Material. Such documents or things shall be filed with and kept by the Clerk of the Court in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption of this action, an indication of the nature of the contents of the sealed envelope or container, the identity of the party filing the materials, the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," and a statement substantially in the following form:

    **1.** This envelope (container) contains documents (things) subject to the Protective Order entered in this action. It is not to be opened nor the contents thereof displayed, revealed, or made public, except by written order of the Court.

**B.** No such sealed envelope or container shall be provided to any party or person, other than counsel of record, except upon further written order of the Court. Any such order shall specifically identify by name and address the person(s) who may have access to the sealed file and shall specifically designate the portion(s) of the sealed file to which such person(s) may have access and the restrictions upon his or her use or disclosure of such materials. The foregoing provision shall not prevent an appropriately marked second copy of any paper containing confidential materials specifically intended for review by the presiding judge being hand

5

delivered to the presiding judge's chambers to assure that the same is brought promptly to the presiding judge's attention.

**VIII.    Disclosure of Designated Confidential Material In a Court Proceeding**

    **A.**    Any party intending to make use of another producing party's Confidential Material at or in connection with any courtroom proceeding or appeal in this matter shall file such Confidential Material in the manner prescribed herein and attempt to agree upon appropriate procedures to protect the Confidential Material in such circumstances.  A producing party may request the Court to accord special treatment to evidence previously designated pursuant to this Protective Order so as to protect the confidentiality of its contents to an extent not inconsistent with the reasonable courtroom use in this Court and in connection with any hearings on appeal; such special treatment may include, without limitation, the maintaining of a document under seal (in accordance with paragraph VII) when not being used in the courtroom and the dismissal from the courtroom, during any period of disclosure of the Confidential Material, of all persons not authorized to have access to the document or information under the terms of this Protective Order, except for one (1) corporate designee for each party.

    **B.**    In the event that any Confidential Material is used in any court proceeding in connection with this litigation, it shall not lose its confidential status as through such use, provided that the parties take steps reasonably calculated to protect its confidentiality during such use.

**IX.    Objection or Challenge to Designated Confidential Material**

    **A.**    At any time, the receiving party may object to the designation of Discovery Material as CONFIDENTIAL and request the designating party to re-designate the Discovery Material.  Such objection shall be by written notice to counsel for the designating party.  The written notice shall particularly identify the Confidential Material to which the receiving party objects.

    **B.**    If the dispute cannot be resolved informally within ten (10) business days of receipt of said written notice, the designating party has the burden of making an appropriate motion to the Court and shall have the burden of establishing that the designation of such material as "CONFIDENTIAL" is appropriate.  Pending such determination by the Court, material designated by a disclosing parry as CONFIDENTIAL, shall be treated in accordance with the producing party's designation pursuant to this Protective Order.  Thereafter, such material shall be treated in accordance with the Court's order.

**X.    Inadvertent or Unintentional Production**

    **A.**    A producing party or non-party who inadvertently produces Discovery Material which it believes should have been designated as CONFIDENTIAL, whether the

Discovery Material were so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality provided that the producing party notifies the receiving party promptly upon discovery of, the inadvertent or unintentional failure to designate. In such an event, the producing party may give written notice to the receiving party or parties that the Discovery Material is CONFIDENTIAL and should be treated in accordance with the provisions of the Protective Order. The designating party must reproduce the information with the CONFIDENTIAL DESIGNATION and after such production the receiving party must treat such Discovery Material as CONFIEDNTIAL. Disclosure of any Discovery Material to any persons not authorized to receive Confidential Materials prior to the receipt of such notice shall not be deemed a violation of this Protective Order.

XI. **Disposition of Designated Confidential Materials At Termination of the Case**

   A.   Termination of the proceedings shall not relieve any person from the obligations of this Protective Order, unless the Court orders otherwise.

   B.   With respect to any documents or-things that have been filed with the Court, upon termination of this action, the ultimate disposition of any such documents or things, shall be as directed by the Court upon completion of the litigation.

   C.   With respect to any Confidential Material that has not been filed with the Court, within forty-five (45) days after the final adjudication of this case, including appeals or resolution through settlement, unless otherwise agreed to in writing by an attorney of record for the designating party, each party to this action shall either (i) assemble and return all Confidential Material, including all copies thereof, to the party or person from which the material was obtained, or (ii) certify in writing that all such information and material has been destroyed, except that counsel for the parties to this action may retain one copy of such material subject to the continuing obligations imposed by this Protective Order and marked as "CONFIDENTIAL."

XII. **Amendments and Exceptions By Order of the Court**

   A.   This Protective Order may be amended or changed by further order of the Court, and is being entered without prejudice to the right of any party, or third party subject to discovery in this case, or other person who agrees to be bound by the provisions of this Protective Order to move the Court for relief from any provisions of this Protective Order, or, separately, to move the Court for modification of any of its terms on a going-forward basis.

XIII. **General Provisions**

   A.   Confidential Material shall be held in confidence by each person to whom it is disclosed, shall be used by the receiving party only for purposes of this action and

       no other purpose, shall specifically not be used for any business purpose or patent prosecution purpose, and shall not be disclosed to any person who is not authorized to receive such information under this Protective Order. All Confidential Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

**B.**    The designation of information, documents, testimony, or things as CONFIDENTIAL shall not be construed as a concession that such information is relevant or material to any issue or is otherwise discoverable. Nor shall the inspection or receipt by a party to this action of information, documents, or things designated as CONFIDENTIAL hereunder constitute a concession that the information, documents, or things are confidential.

**C.**    Nothing in this Protective Order shall require disclosure of information, documents or things which the designating party contends is protected from disclosure by the attorney-client privilege or the work-product immunity doctrine. This will not preclude any party to this action from moving the Court for an order directing the disclosure of such information, documents, or things.

**D.**    Nothing in the Protective Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this action and, in the course thereof, from generally referring to or relying upon his examination or receipt of Confidential Material. In rendering such advice or in otherwise communicating with an attorney's client, the attorney shall not disclose the specific content of any Confidential Material by a disclosing party where such disclosure would not otherwise be permitted under the terms of this Protective Order.

**E.**    If Confidential Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for this disclosure shall make every effort to prevent further disclosure by the person who was the recipient of such Confidential Material.

**F.**    The terms of this Protective Order shall survive the termination of this litigation, and the Court shall retain jurisdiction of this action after its final disposition for the purpose o£ enforcing this Protective Order.

| | |
|---|---|
| /s/ Francis DiGiovanni<br>Francis DiGiovanni (#3189)<br>Connolly Bove Lodge & Hutz LLP<br>The Nemours Building<br>1007 N. Orange Street<br>Wilmington, DE 19899<br>Phone (302) 658-9141<br><br>Robert F. Altherr, Jr.<br>Nina L. Medlock<br>Christopher B. Roth<br>Elizabeth Almeter<br>BANNER & WITCOFF, LTD.<br>1001 G Street, N.W.<br>Suite 1100<br>Washington, DC 20001<br>Phone (202) 824-3000<br><br>*Attorneys for Plaintiff*<br>*Colgate-Palmolive Company* | /s/ Steven J. Balick<br>Steven J. Balick (#2114)<br>John G. Day (#2403)<br>Tiffany Geyer Lydon (#3950)<br>ASHBY & GEDDES<br>222 Delaware Avenue, 17th Floor<br>P. O. Box 1150<br>Wilmington, Delaware 19899<br>Phone (302) 654-1888<br><br>James Moskal<br>Charles E. Burpee<br>WARNER NORCROSS & JUDD LLP<br>900 Fifth Third Center<br>111 Lyon Street, N.W.<br>Grand Rapids, Michigan<br><br>*Attorneys for Defendant Ranir, L.L.C.* |

IT IS SO ORDERED:

Dated:_____        _____
                                United States District Judge

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| COLGATE-PALMOLIVE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-417-GMS |
| ) | |
| RANIR, L.L.C. ) | |
| ) | |
| Defendant. ) | |

**Undertaking of** _____

STATE OF _____  )
COUNTY OF _____  )

I, \_\_\_\_[name]\_\_\_\_, having been retained by \_\_\_\_[Employer]\_\_\_\_ as a technical, economic or survey expert, consultant or employee or agent thereof in connection with the above-captioned lawsuit hereby acknowledge that I am about to receive Confidential Material supplied by \_\_[Producing Party]\_\_\_\_\_, as defined in the Protective Order entered \_\_\_\_\_[Date]_____.

I certify my understanding that this Confidential Material is being provided to me pursuant to the terms and restrictions of the Protective Order of \_\_\_[date]\_\_\_\_\_ in the above-captioned matter, and that I have been given a copy of and have read and understood my obligations under that Order. I hereby agree to be bound by the terms of the Order. I agree to utilize the Confidential Material solely for the purposes of this litigation. I clearly understand that the Confidential Material and my copies or notes relating thereto shall not be disclosed to or discussed with anyone not similarly bound by the Protective Order.

I will return to or destroy on request of outside counsel for the party on whose behalf I am retained all Material containing Confidential Material, copies thereof and notes that I have prepared relating thereto.

I agree not to accept employment in any other capacity by any of the parties to this proceeding for a period of one year following the termination of this proceeding.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

_____

[Signature]

Subscribed and Sworn to before me
this \_\_\_\_ day of _____, 200\_.
_____

_____

Notary Public