**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| COLGATE-PALMOLIVE COMPANY, )<br>)<br>Plaintiff, )<br>) Civil Action No. 06-417-GMS<br>v. )<br>)<br>RANIR, L.L.C. )<br>)<br>Defendant. | |

**STIPULATION AND ORDER FOR ENTRY OF
<u>CONSENT JUDGMENT</u>**

WHEREAS, plaintiff COLGATE-PALMOLIVE COMPANY instituted Civil Action No. 06-417-GMS in this Court seeking relief for patent infringement (D.I. 1 and D.I. 9) and defendant RANIR, L.L.C. filed an Answer (D.I. 11);

WHEREAS, the parties have agreed to a compromise and settlement of this action and entered into a confidential Settlement Agreement on August 31, 2007;

WHEREAS the parties agreed to a Consent Judgment (attached hereto as Exhibit A);

IT IS HEREBY STIPULATED AND AGREED by the parties, subject to approval by the Court, that the Consent Judgment, shall be entered by the Court.

| | |
|---|---|
| s/ Francis DiGiovanni | /s/ Steven J. Balick |
| Francis DiGiovanni (#3189) | Steven J. Balick (#2114) |
| Connolly Bove Lodge & Hutz LLP | Ashby & Geddes |
| The Nemours Building | 500 Delaware Avenue, 8th Floor |
| 1007 North Orange Street | P.O. Box 1150 |
| P.O. Box 2207 | Wilmington, Delaware 19801 |
| Wilmington, DE 19899 | Telephone: (302) 504-3700 |
| Telephone: (302) 658-9141 | sbalick@ashby-geddes.com |
| fdigiovanni@cblh.com | *Attorneys for Ranir, L.L.C.* |
| *Attorneys for Colgate-Palmolive Company* | |

SO ORDERED this _____ day of September, 2007.

_____
United States District Chief Judge Gregory M. Sleet

# EXHIBIT A

EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COLGATE-PALMOLIVE COMPANY, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-417-GMS |
| ) | |
| RANIR, L.L.C. ) | |
| Defendant. ) | |

### CONSENT JUDGMENT

This matter is before the Court on the stipulation of Plaintiff Colgate-Palmolive Company ("Colgate") and Defendant Ranir, L.L.C. ("Ranir") for entry of a Consent Judgment and Permanent Injunction. Colgate and Ranir having agreed to a compromise and settlement of this action and having entered into a Settlement Agreement,

IT IS HEREBY ORDERED WITH CONSENT OF THE PARTIES:

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and venue is proper pursuant to 28 U.S.C. § 1400(b).

2. Colgate is the owner of all right, title, and interest in and to United States Patent No. 7,047,591 and United States Design Patent Nos. D513,882; D514,812; D516,818; D516,819; D517,812; D517,813; and D520,753 (the "Patents"). In any proceeding brought by Colgate asserting a violation of this Consent Judgment, Ranir will not contend that any of the Patents are invalid or unenforceable.

3. Colgate and Ranir have entered into a Settlement Agreement dated __August 31, 2007__ (the "Settlement Agreement").

EXHIBIT C

4. Ranir, its officers, directors, agents, affiliates, employees, successors and assigns and any and all other persons in active concert or participation or privity with them or any of them who receive actual notice of this injunction by personal service or otherwise are hereby permanently enjoined and prohibited from making, using, selling, offering for sale, or importing into the United States the toothbrush depicted in Exhibit 1 attached hereto or any toothbrush having a design that is only colorably different from the toothbrush depicted in Exhibit 1, and are also enjoined and prohibited from inducing others to make, use, sell, or offer to sell such toothbrushes or to cause such toothbrushes to be imported into the United States for the life of the Patents, except as otherwise provided for in the Settlement Agreement.

5. This Court shall retain jurisdiction over the parties for the purpose of enforcing the terms of this Consent Judgment and Permanent Injunction.

6. If the Court determines that Ranir has violated any terms of this Consent Judgment and Permanent Injunction, Ranir shall pay all of Colgate's reasonable attorneys' fees and costs incurred in enforcing the Consent Judgment and Permanent Injunction.

7. This Order represents a final adjudication of this action. . This Order is intended to be final and shall bind the parties and their affiliates and successors.

8. Each party shall bear its own costs and attorneys' fees.


DATED: _____          _____
                           CHIEF, UNITED STATES DISTRICT JUDGE

2



